court or its officer, and there is no pretense of any such showing in this case. It is not enough to show that the default of the appellant in perfecting his appeal was due to some excusable neglect; for the proper time to make such a showing would be when the motion to dismiss the appeal was made, or at least before the *remittitur* was sent down. We may add, however, that after a careful examination of the affidavits and counter-affidavits submitted at the hearing of this motion, we do not think that the showing would have been sufficient to justify this court in reinstating the appeal, even if the motion had been made at the proper time. Besides, it is more than questionable whether this court has the power to recall the *remittitur* after it has been sent down to the Circuit Court, *and acted upon by that court*, which, as we are informed on the argument here, was the fact in this case. But as that point does not necessarily arise in this case, we are not to be regarded as definitely decid-ing it now. The motion to recall the *remittitur* and to reinstate the appeal is, therefore, refused.

No. 3186. EX PARTE THOMAS, April Term, 1893. This was an order, in *habeas corpus* proceedings, admitting Capers Thomas, charged with murder, to bail in the sum of $1,000, with not less than two nor more than five sureties, the recognizance to be approved by the clerk of the Court of General Sessions for Edgefield County. Dated May 19, 1893.

No. 3191. STATE *v.* WILSON, April Term, 1893. This was a consent order dismissing an appeal, and directing the *remittitur* to issue forthwith. Dated May 23, 1893.

No. 3192. TRIMMIER *v.* THOMSON, April Term, 1893. The appellant filed his Points and Authorities on May 22, 1893, and on the next day, May 23, the cause was called on the docket for a hearing. Thereupon, on motion of *R. K. Carson*, attorney for respondent ( *W. W. Thomson*, attorney for appellant), an order was passed PER CURIAM dismissing the appeal.

No. 3206. SAME *v.* SAME, April Term, 1893. A motion having been made in this case to reinstate this appeal dismissed, as above, June 30, 1893, the following order was passed

PER CURIAM. This is a motion to reinstate an appeal heretofore dismissed by this court for failure to comply with Rule 8. The ground upon which the motion is based is excusable neglect. We do not think that the affidavits submitted are sufficient to show that the default upon the part of the appellant to comply with the Rules of this court was excusable.

Rules of court are designed to secure the orderly and *prompt* dispatch of business, and it is very important that these Rules should be observed. At all events, when parties invoke the protection of these Rules, in order to prevent delays in the adjudication of their rights, this court is bound to accord them that protection.

The motion to reinstate the appeal, must, therefore, be refused.

No. 3210. HENDERSON *v.* WENDLER, April Term, 1893. Plaintiff sued defendants, man and wife, for trespass in entering upon land of Mrs. Wendler, which had been leased for the year to plaintiff, and in plowing up this land after it had been planted by plaintiff. It appeared from the testimony, that Wendler plowed up the land, while his wife walked behind him with a gun in her hand. The trial justice gave judgment against both defendants for $25, holding that Mrs. Wendler "acted with her own free will, and not under compulsion of her husband." On appeal to the Circuit Court, JUDGE ALDRICH sustained the trial justice, and defendants appealed to this court.

*R. K. Carson,* for appellant. *Stanyarne Wilson,* contra.

July 19, 1893. The opinion of the court was delivered by MR. JUSTICE McGOWAN, who, after a statement of the case, ruled as follows:

This was an action at law for damages, and, therefore, the judgment of the trial justice without a jury must stand as a special verdict upon the facts of the case, which this court has no right to review or reverse. See *Nichols* v. *Railroad Co.,* 23 S. C., 604.

Exception 1 charges error on the part of the Circuit Judge, in not holding that the trial justice erred in refusing to allow Adam Wendler to testify as to the contents of a letter he